**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3273-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM E. SANBORN, SR.,
a/k/a WILLIAM SANBOURN, SR.,

     Defendant-Appellant.

_____

<div style="margin-left:2em">

Submitted April 29, 2020 – Decided May 13, 2020

Before Judges Haas and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 11-07-1307.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

</div>

PER CURIAM

Defendant William E. Sanborn, Sr. appeals from the December 20, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On April 22, 2011, a police officer saw defendant riding his bicycle near a man and a woman walking on the sidewalk. As he rode past the couple, defendant reached out for the woman's purse. In the process, he dragged the woman backward and threw her to the ground. The officer ran toward defendant, who pulled out a knife and began threatening the officer. The officer drew his weapon, and defendant dropped the knife. As he was being handcuffed, defendant said, "I'm sorry, I'm sorry, I owe my friend ten dollars." The woman suffered torn ligaments in her left elbow, bruises on her left forearm, left knee and forehead, a shattered nose, and a crushed septum.

On July 13, 2011, a Monmouth County grand jury returned a four-count indictment charging defendant with first-degree armed robbery, N.J.S.A. 2C:15-1 (count one); fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d) (count two); third-degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3) (count four). The trial court subsequently granted defendant's motion to represent himself at trial, and appointed standby counsel.

Following a trial, the jury convicted defendant on counts one, two, and four, and acquitted him on the remaining charge. After appropriate mergers, the court sentenced defendant on the first-degree armed robbery charge to a mandatory extended sentence of life imprisonment with no possibility of parole under the Three Strikes Law, N.J.S.A. 2C:43-7.1.

Defendant filed a direct appeal, and was represented by counsel. On August 31, 2015, we reversed defendant's conviction on count one, first-degree armed robbery, on the ground of jury instruction error. State v. Sanborn, No. A-3340-12 (App. Div. Aug. 31, 2015) (slip op. at 17-18). We remanded the matter for a new trial on the armed robbery charge. Ibid. In addition, we affirmed defendant's conviction of second-degree unarmed robbery as a lesser-included offense of first-degree armed robbery, and his convictions on counts two and four. Ibid.

On remand, the State elected not to retry defendant on the first-degree robbery charge. The trial court then granted the State's motion to sentence defendant to an extended term as a repeat violent offender under N.J.S.A. 2C:43-7.1(b). After appropriate mergers, the court sentenced defendant to an extended term of sixteen years in prison on the second-degree robbery charge, subject to

the 85% parole ineligibility period required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Through new appellate counsel, defendant subsequently challenged the sentence, and we considered the matter on our Excessive Sentence Oral Argument (ESOA) calendar pursuant to Rule 2:9-11. In an October 18, 2016 order, we affirmed defendant's sentence, and the Supreme Court denied certification. State v. Sanborn, 230 N.J. 613 (2017).

While the matter was pending before the Supreme Court, defendant filed a PCR petition in which he alleged, among other things, that his first appellate attorney was ineffective because he failed to argue on direct appeal that the trial court should have advised him more than once about his right to testify at trial. Defendant also asserted that his attorney in the ESOA appeal should have argued that the imposition of an extended term NERA sentence was "manifestly unfair" because the sentencing judge impermissibly "double counted" some of defendant's criminal convictions. In a thorough oral decision, the PCR judge considered both of these contentions and concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

A-3273-18T3

Turning to defendant's first contention, the PCR judge found that at trial, the State's final witness, a detective, could not complete his testimony because he had to leave before the end of the court day to retrieve some documents. Therefore, the trial judge permitted defendant to call his first witness out of turn. At the beginning of the next day, the trial judge advised defendant of his right to testify. Defendant elected not to testify. Defendant proceeded to call his second witness and, after the parties finished questioning her, the State's final witness returned to the stand and completed his testimony.[1] The State formally rested its case, and defendant then presented the rest of his witnesses.

In his oral decision, the PCR judge rejected defendant's contention that the trial judge should have advised him again about his right to testify after the State rested its case. As the PCR judge noted, defendant was fully apprised of his right to testify at trial and presented no evidence that he was prejudiced by the trial judge's failure to repeat the advice a second time. Therefore, the PCR judge found that defendant's attorney on his direct appeal was not ineffective by failing to raise a contention that would not have been successful.

---

[1]  This testimony, which consisted of defendant completing his cross-examination of the witness, was approximately two transcript pages in length.

The PCR judge also rejected defendant's argument that his attorney in the ESOA appeal should have argued that the sentencing judge "double counted" his convictions in determining to impose an extended term NERA sentence. As the PCR judge found, defendant had multiple convictions that fully justified the imposition of the extended term he received.

Because defendant was unable to establish a prima facie case of ineffective assistance of appellate counsel, the PCR judge also denied defendant's request for an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

AS [DEFENDANT] ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, HE WAS ENTITLED TO [PCR], OR AT A MINIMUM, AN EVIDENTIARY HEARING.

(1) Appellate counsel failed to argue on direct appeal that the trial court erred when it failed to readvise [defendant] of his right to testify after it was revealed [that the State's final witness] had lied on the stand.

(2) Appellate counsel failed to argue the imposition of an extended NERA term sentence was manifestly unfair.

6

POINT II

AS THERE WAS A GENUINE DISPUTE OF
MATERIAL FACT, AN EVIDENTIARY HEARING
WAS REQUIRED.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are

7

sufficiently serious to deny him a "fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability sufficient to undermine confidence in the outcome" of the proceeding.

[State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted) (quoting Strickland, 466 U.S. at 687-88, 694).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons the PCR judge expressed in his thoughtful oral opinion.

Contrary to defendant's contentions, an appellate attorney is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J.

Super. 508, 515 (App. Div. 2007). Instead, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of the client's position. Ibid.

Here, the trial judge thoroughly advised defendant of his right to testify and he knowingly and voluntarily waived that right. Defendant did not present a certification as part of his PCR petition stating what information he planned to offer had he testified at the trial. Therefore, he was unable to show he was prejudiced even if the judge should have advised him of his rights a second time. Defendant also failed to demonstrate that this argument, or his allegation concerning his attorney's failure to argue that the judge "double counted" his convictions in imposing an extended term sentence, would have been successful if raised in his appeals. Therefore, defendant did not establish either prong of the Strickland test.

Under these circumstances, we discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, as defendant failed to present a prima facie claim of ineffective assistance of appellate counsel warranting an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3273-18T3